UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NORMA MILHOLLAND,

       Plaintiff,
  v.                                        Civil Action No. _____

NCO FINANICAL SYSTEMS, INC.
                                             **JURY TRIAL DEMANDED**

       Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II.  JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

III.  PARTIES

4. Plaintiff Norma Milholland is a natural person residing in the County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant NCO Financial Systems Inc. (hereinafter referred to as "NCO") is a foreign corporation organized under the laws of Pennsylvania.

6. Upon information and belief, NCO regularly attempts to collect debts alleged to be due another, and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

7. The acts of NCO alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## IV.  FACTUAL ALLEGATIONS

8. That Plaintiff Norma Milholland incurred a credit card obligation to Capital One (hereinafter referred to as "the subject debt").

9. That the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

10. That the subject debt is a "debt" as that term is defined by 15 U.S.C.§1692a(5).

11. That Plaintiff defaulted on the subject debt.

12. That after Plaintiff's default, Capital One employed NCO to collect the subject debt.

13. That in or about August of 2007, NCO began calling Plaintiff by telephone approximately one time per day.

14. That in or about September of 2007, NCO began calling Plaintiff multiple times per day.

15. That Plaintiff spoke to an employee of NCO during many of the telephone calls made during August and September of 2007.  In each of these calls, she told NCO that she intended to pay the debt in full, but would not be in receipt of the funds necessary to pay the debt until late September or early October of 2007.

16. That in or about September of 2007, NCO told Plaintiff that as of September 9, 2007, she was in the "pre-legal" stage.

17. That Plaintiff believed, and the "least sophisticated consumer" as that term is defined by law that the statements of NCO described in paragraph 16 of this complaint constituted a threat to commence a lawsuit to collect the debt.

18. That neither NCO, nor Capital One ever intended to commence a lawsuit to collect the subject debt, nor had Capital One authorized such a lawsuit.

19. That as a result of the actions of Defendants described in this complaint, Plaintiff became upset, humiliated and nervous, and suffered emotional distress.

## V.    CAUSES OF ACTION UNDER FDCPA

20. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 19 above.

21. That Defendant's actions described in this complaint were done in violation of multiple provisions of the FDCPA, including, but not limited to, the following:

    A. Defendant violated 15 U.S.C.§1692d and  15 U.S.C.§1692d(5) by repeatedly calling Plaintiff and causing her telephone to ring with the intent to annoy, abuse and harass her.

B. Defendant violated 15 U.S.C.§1692e, 15 U.S.C.§1692e(2)(A), 15 U.S.C.§1692e(5), 15 U.S.C.§1692e(10), and 15 U.S.C.§1692f by falsely representing that civil litigation was, or would be commenced to collect the subject debt.

22. That as a result of the NCO's FDCPA violations, individually and in combination, Plaintiff suffered actual damages, including emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated:  January 2, 2008

      _/s/Kenneth R. Hiller, Esq._____
BY: Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
      ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Norma Milholland, affirms that the following statements are true and correct under penalties of perjury:

   1.  I am the Plaintiff in this civil proceeding.

   2  I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

   3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

   4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

   5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated:  January 2, 2008


            s/Norma Milholland_____
            Norma Milholland